**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TODD C. FORD, JR., | Civil Action No. 10-3711 (JBS) |
| Plaintiff, | |
| v. | **OPINION** |
| RONALD CASSELLA, et al., | |
| Defendants. | |

**APPEARANCES**:

    TODD C. FORD, JR.
    Cumberland County Jail
    54 West Broad Street
    Bridgeton, New Jersey  08302

**SIMANDLE**, District Judge:

    Plaintiff, Todd C. Ford, Jr., a pretrial detainee incarcerated at Cumberland County Jail in Bridgeton, New Jersey, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  This Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of the filing fee.  See 28 U.S.C. § 1915(a).  Having reviewed Plaintiff's allegations, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the federal claims raised in the Complaint and decline to exercise supplemental jurisdiction over claims arising under state law.

**I.   BACKGROUND**

Plaintiff asserts violation of his constitutional rights under 42 U.S.C. § 1983 by Cumberland County Prosecutor Ronald Cassella and Assistant Prosecutors John Reilly and G. Harrison Walters.  Plaintiff asserts the following facts:

> On May 16, 2007 I was charged with a first degree drug offense and my bail was set at $250,000.00/full.  On 12/15/08 the case was dismissed and Judge Becker stated I can have my money that was s[ei]zed back ($741.00) Prosecutor John Reilly who had my case at the time didn't provide me with any assistance in obtaining my money back despite knowing I was entitled to it.  May 21, 2009 my lawyer wrote Asst. Pros. G. Harrison Walters after getting no assistance in obtaining my money back in this matter and he also didn't provide any assistance.  Prior to that on May 1, 2009, I wrote all of the[ir] bosses at the time Mr. Ronald Cassella and again;, I still didn't get any assistance in the matter.  It got so bad that my family made very frequent trips to the[ir] office from May 2009 to currently, but still have gotten no assistance.

(Dkt. 1, p. 6.)  Plaintiff seeks the following relief:

> I would like to obtain the money that was s[ei]zed from me since the case was dismissed $741.00, the money that I had to use to get my bail from $250,000.00 dollars/full ($1,000 dollars that I owe to a lawyer still) to 150,000 dollars/ cash or bond and the $15,000 that I had to spend for that bail amount to bail out.  I would also like to receive $10,000.00 dollars for court costs and lawyer fees (public defender), the time I sat in jail, the emotion[al] distress it caused and punitive & compensatory damages in the amount of $100,000.00 dollars including lost of job wages.

(Dkt. 1, p. 7.)

## **II. STANDARD OF REVIEW**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949 -1950 (citations omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

### III. DISCUSSION

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983. See Iqbal, 129 S Ct. at 1947-48. Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). This Court construes Plaintiff's Complaint as attempting to assert procedural and substantive due process claims and claims under New Jersey law.

A. Absolute Immunity

Under the allegations in the Complaint, the Court will assume, without deciding, that the prosecutorial defendants do

5

not have absolute immunity for failing to return property.  A prosecutor is absolutely immune from suit under § 1983 for damages for actions taken as an "integral part of the judicial process."  Imbler v. Pachtman, 424 U.S. 409, 430 (1976). However, the United States Court of Appeals for the Third Circuit has held that prosecutors who improperly withhold property confiscated from criminal defendants are not entitled to absolute immunity because the management of seized property is an administrative function not directly related to the prosecutorial function.  See Wrench Transp. Systems, Inc. v. Bradley, 212 Fed. App'x 92 100(3d Cir. 2006) (state prosecutors are not absolutely immune from allegations that they delayed return of seized property); Schrob v. Catterson, 948 F. 2d 1402, 11419 (3d Cir. 1991) (actions of Assistant United States Attorney concerning retention and alleged mismanagement of seized property, and negotiations concerning return of seized property, are not entitled to absolute immunity); see also Odd v. Malone, 538 F. 3d 202, 214 (3d Cir. 2008) ("We can imagine few circumstances under which we would consider the act of disobeying a court order or directive to be advocative, and we are loath to grant a prosecutor absolute immunity for such disobedience").

In this Complaint, Plaintiff asserts that prosecutors refused to return seized cash after the judge dismissed the criminal prosecution.  In light of Third Circuit precedent, it

would appear that the defendant prosecutors would not be protected by absolute immunity for failing to return seized property after the dismissal of criminal charges.  Id.

B.  Procedural Due Process

A "constitutional violation . . . is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." Zinermon v. Burch, 494 U.S. 113, 126 (1990).  In order to determine whether a person has been deprived of property without due process, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate."  Id.  "This inquiry . . . examine[s] the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law."  Id.  For example, the Supreme Court has held that a state tort claim is an adequate remedy for a prisoner aggrieved by prison officials' negligent or intentional loss of property.  See Hudson v. Palmer, 468 U.S. 517, 533 (1981).

In Revell v. Port Authority of New York and New Jersey, 598 F. 3d 128 (3d Cir. 2010), plaintiff sued a Port Authority police officer under § 1983 for retaining his firearm, holster, locks, containers and ammunition in violation of due process after criminal charges had been dismissed.  The Third Circuit affirmed dismissal of the due process claim:

> Revell cannot prevail on his due process claim if the state's post-deprivation procedures, including state tort remedies, are adequate. He has failed to explain why New Jersey's state procedures to recover wrongfully seized property, such as the ability to move in the criminal action for return of his property or the ability to file a separate action for a writ of replevin are insufficient. See State v. One 1986 Subaru, 120 N.J. 310 . . . (1990) (explaining that owner of seized property can file a replevin action or move to retrieve improperly seized property . . . ); see also N.J. Rule 3:5-7 (motion for return of property) and 4:61-1 (replevin).

Revell, 598 F. 3d at 139 (footnote omitted).

The only difference between this Complaint and the facts in Revell is that Plaintiff here alleges that, when the judge dismissed the criminal charges, the judge stated that Plaintiff could have his $741.00 back. The fact that the criminal judge stated that Plaintiff could have his money back does not indicate that New Jersey's procedures are inadequate, since Plaintiff can still file a motion for return of property pursuant to N.J. Rule 3:5-7 or bring a replevin proceeding. See Revell, 598 F. 3d at 139.[2] These procedures exist for plaintiff's use and they provide adequate post-deprivation remedies. This Court will dismiss Plaintiff's procedural due process claim under Revell.

C.  Substantive Due Process

---

[2] See also, Pascardella v. Swift Transp. Co., Inc., 643 F. Supp. 2d 639, 642 (D.N.J. 2009 ("[B]ecause Plaintiff failed to request the . . . review that is available under New Jersey law, he cannot state a claim for denial of due process").

"[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful governmental actions regardless of the fairness of the procedures used to implement them." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "As a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." District Attorney's Office for Third Judicial Dist. v. Osborne, 129 S.Ct. 2308, 2322 (2009) (quoting Collins v. Harker Heights, 503 U.S. 115, 125 (1992)). "[I]n a due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 847 n. 8 (1998).[3] What is conscience-shocking depends on context, see United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F. 3d 392, 399-400 (3d Cir. 2003), and whether an incident "shocks the conscience" is a matter of law, see Rochin v. California, 342 U.S. 165, 172 (1952).

This Court finds that Plaintiff's substantive due process claim fails because the conduct described in the Complaint does

---

[3] Accord Miller v. City of Philadelphia, 174 F.3d 368, 375 (3d Cir. 1999) ("To generate liability, executive action must be so ill-conceived or malicious that it 'shocks the conscience)'" (quoting Rochin v. California, 342 U.S. 165, 172-73 (1952)).

not rise to the conscience-shocking level.  As previously explained, the property deprivation faced by Plaintiff is amenable to rectification by post-deprivation remedies under New Jersey law.  Plaintiff's situation is hardly conscience-shocking when New Jersey has given Plaintiff the means to correct the erroneous deprivation he alleges.  See Mora v. City of Gaithersburg, Maryland, 519 F. 3d 216, 231 (4th Cir. 2008) (suspect was not deprived of substantive due process when state officers refused to return his firearms where no criminal charges were filed).  This Court will therefore dismiss the procedural and substantive due process claims for failure to state a claim upon which relief may be granted.

D.  Supplemental Jurisdiction

Plaintiff's claim is basically a state tort claim or claim for violation of New Jersey's criminal procedure law. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a),

10

the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  See United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, since this Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).  Plaintiff may refile his state claims in a court of competent jurisdiction.

E.  Amendment of Complaint

This Court is dismissing with prejudice the due process claims.  Plaintiff will not be granted leave to file an amended

11

complaint with regard to these claims because amendment would be futile.

## V. CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to proceed in forma pauperis, dismiss the federal claims, and decline to exercise supplemental jurisdiction.  This dismissal is without prejudice to plaintiff's rights to pursue available state remedies seeking return of his property.


                                         **s/ Jerome B. Simandle**
                                         **JEROME B. SIMANDLE**
                                         U.S. District Judge

Dated:   **July 26**         , **2011**